**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02743-REB-BNB

JOSH DEHERRERA,

      Plaintiff,

v.

COUNTY OF COSTILLA,
COSTILLA COUNTY BOARD OF COMMISSIONERS,
GILBERT MARTINEZ, Costilla County Sheriff,
IVAN GARCIA, and
JAMES CHAVEZ,

      Defendants.

## ORDER RE: MOTION TO DISMISS

**Blackburn, J.**

The matter before me is defendants' **Motion To Dismiss** [#13][1] filed February 15, 2011. I grant the motion and dismiss plaintiff's claims with the exception of his section 1983 excessive force claim against defendant, James Chavez.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

A motion to dismiss based on the statute of limitations is typically reviewed as a motion to dismiss for failure to state a claim under Rule 12(b)(6). ***See Tillman v. Vandel***, 2008 WL 791935 at *2 (D. Colo. March 19, 2008). When ruling on a motion to

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

dismiss pursuant to Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003).

I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[2] Nevertheless, the standard remains a liberal one,

---

[2] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III. ANALYSIS

This is a case alleging excessive use of force in the execution of an arrest. On March 3, 2009, defendants, Sergeant James Chavez and Deputy Ivan Garcia, went to plaintiff's residence in San Luis, Costilla County, Colorado, to arrest him. The officers encountered plaintiff in the front yard, where they handcuffed him, placed him in the police car, and transported him to the Costilla County Sheriff's office. Plaintiff alleges that he complied with the officers' orders and did not resist. After being removed from the car, plaintiff alleges that

> . . . Officer Chavez opened the door to the Sheriff's office and then without provocation proceeded to violently and forcefully slam the handcuffed [plaintiff's] head into the door. Officer Chavez then threw [plaintiff] to the ground while holding his handcuffed arms behind him. [Plaintiff] landed hard on his Left shoulder and struck his head on the pavement. Officer Chavez followed [plaintiff] to the ground and placed his knee in his back applying pressure to his back while pushing [plaintiff] to the ground and yelling at him. In one final act of violence Officer Chavez pushed

---

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974) (internal citations and footnote omitted).

> [plaintiff's] head down causing it to strike the concrete a
> second time.  Officer Chavez then forcefully pulled [plaintiff]
> back to his feet and led him into the Sheriff's office.

(**Complaint** ¶ 15 at 5 [#1], filed November 9, 2010.)

Plaintiff sues Chavez and Garcia for excessive force under to 42 U.S.C. § 1983 and under state law for assault and battery.  He has brought also a claim of supervisory liability against former Costilla County Sheriff, Gilbert Martinez, and a claim of municipal liability against Costilla County itself.

Defendants seek to dismiss all but the section 1983 claim against Chavez. Plaintiff has filed no response to the motion within the time permitted by the local rules of this court.  *See* D.C.COLO.LCivR 7.1C.  Having reviewed the motion substantively,[3] I find that the reasons stated, arguments advanced, and authorities cited are well-taken. Thus, I will grant the motion and dismiss all claims, save the claim for excessive force against defendant, Chavez.

First, plaintiff's state law claims are barred clearly by limitations.  Pursuant to Colorado law, claims of assault and battery, §13-80-103(1)(a), C.R.S., and for any claim brought against a law enforcement officer, §13-80-103(1)(c), C.R.S., must be brought within one year after the cause of action accrues.  A cause of action for personal injury accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." §13-80-108(1), C.R.S.  Plaintiff knew

---

[3] Where a plaintiff is proceeding *pro se*, it constitutes error to dismiss claims based solely on the failure to respond to the motion, even where applicable Local Rules permit such an outcome.  **See Kettering v. Chaves**, 2008 WL 4877005 at *14 n.1 (D. Colo. Nov. 12, 2008).  Although plaintiff is not *pro se* in this matter, the Local Rules of this district do not provide that a motion to which no response has been filed is simply confessed and may be granted without inquiry into the merits.  **See id**. (citing rules providing otherwise in other districts within this circuit). I therefore consider the merits of defendants' motion here.

of his injuries and their cause at the time they occurred on March 3, 2009.  However, this lawsuit was not filed until November 9, 2010, more than one year later. Accordingly, plaintiff's Fourth and Fifth Claims for Relief are barred by limitations and must be dismissed with prejudice.

Plaintiff's Second Claim for Relief for supervisory liability is plainly deficient to state a plausible claim for relief against Sheriff Martinez.  It is axiomatic that a supervisor may not be held vicariously liable under section 1983 for the acts of his subordinates.  **Serna v. Colorado Department of Corrections**, 455 F.3d 1146, 1151 (10th Cir. 2006).  The pleading requirements for this discreet claim have become increasingly more stringent in recent years.  **See Dodds v. Richardson**, 614 F.3d 1185, 1198-1200 (10th Cir. 2010) (discussing changes – and arguably stricter pleading standards – in this area of section 1983 law potentially wrought by **Ashcroft v. Iqbal**, – U.S. –, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)), **pet. for cert. filed**, 79 USLW 3362 (Dec. 1, 2010) (No. 10-741).

> [Section] 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . ." A plaintiff may therefore succeed in a § 1983 suit against a defendant-supervisor by demonstrating:  (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.

**Id.** at 1199 (internal citations and footnote omitted).

The allegations of the complaint are patently deficient to permit any plausible inference that Sheriff Martinez could be held liable for Chavez's alleged excessive use of force.  Plaintiff fails to assert a single actual fact to support his wholly conclusory assertions that Martinez "encouraged the excessive use of force" by "officially or unofficially authorizing, approving, or knowingly acquiescing to the unconstitutional conduct" of the officers or "set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known would cause Defendants Garcia and Chavez or others to inflict the use of excessive force against persons during the course of an arrest." (**Complaint** ¶¶ 26 & 27 at 7.) Merely parroting the language of the relevant standard to assert no more than a mere legal conclusion, without some level of supporting factual detail, as plaintiff does here, is not sufficient to withstand a motion to dismiss under ***Twombley*** and its progeny.  ***See In re Sprint Corp. ERISA Litigation***, 388 F.Supp.2d 1207, 1237 (D. Kan. 2004).  For these reasons, the Second Claim for Relief will be dismissed without prejudice.

Plaintiff's Third Claim for Relief for municipal liability against Costilla County is insupportable under Colorado law, which provides that suits against a county must be prosecuted against the Board of County Commissioners.  §30-11-105, C.R.S.; ***see also Grady v. Jefferson County, Colorado***, 2008 WL 178923 at *2 (D. Colo. Jan. 17, 2008).  Moreover, and although plaintiff has sued the Board of County Commissioners of Costilla County, the Sheriff himself, to the extent otherwise compatible with law, is liable for the allegedly tortious actions of his deputy officers, not the Board.  ***See Estate of Began v. Lake County, Colorado Sheriff's Office***, 2008 WL 2690702 at *6 (D.

Colo. July 3, 2008) (citing **Tunget v. Board of County Commissioners of Delta County**, 992 P.2d 650, 651-52 (Colo. App. 1999)).[4] Plaintiff's Third Claim for Relief, therefore, will be dismissed also.

Finally, the complaint fails to allege any facts from which it might be plausibly argued that Garcia is liable for excessive use of force, either his own or that of Chavez. There is no allegation that could be construed to suggest that Garcia personally participated in the alleged assault. "[F]or liability to arise under [section] 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." **Trujillo v. Williams**, 465 F.3d 1210, 1227 (10th Cir. 2006). Although an officer may be jointly liable where he stands by and acquiesces in or does not intervene to stop a fellow officer's excessive use of force, **see Berry v. City of Phillipsburg, Kansas**, 796 F.Supp. 1400, 1405 (D. Kan. 1992), there is not a single allegation even mentioning Garcia, let alone establishing what he did or did not do or even where he was (or indeed, if he was even present) during the alleged excessive use of force by Chavez. Accordingly, plaintiff's First Claim for Relief will be dismissed to the extent it implicates defendant Garcia.

---

[4] Although nothing in the complaint suggests that plaintiff also intended to sue Sheriff Martinez in any capacity under this claim, I note that, as with the claim for supervisory liability, the complaint also contains nothing to plausibly suggest beyond the realm of mere legal conclusion that Martinez acted pursuant to an official policy, practice, or custom of the Sheriff's office or personally participated in any deprivation.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That defendants' **Motion To Dismiss** [#13] filed February 15, 2011, is **GRANTED**;

2. That the Second and Third Claims for Relief in the **Complaint and Demand for Trial By Jury** [#1] filed November 9, 2010, are **DISMISSED WITHOUT PREJUDICE** for failure to state claims on which relief may be granted;

3. That the Fourth and Fifth Claims for Relief in the **Complaint and Demand for Trial By Jury** [#1] filed November 9, 2010, are **DISMISSED WITH PREJUDICE** as barred by limitations;

4. That the First Claim for Relief in the **Complaint and Demand for Trial By Jury** [#1] filed November 9, 2010, is **DISMISSED WITHOUT PREJUDICE** as to defendant, Ivan Garcia, only, for failure to state a claim on which relief may be granted;

5. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendants, County of Costilla, Costilla County Board of Commissioners, Gilbert Martinez, and Ivan Garcia, against plaintiff, Josh DeHerrera, as to the Second and Third Claims for Relief as asserted in the **Complaint and Demand for Trial By Jury** [#1] filed November 9, 2010; provided, that the judgment as to these claims **SHALL BE** without prejudice;

6. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendants, Ivan Garcia and James Chavez, against plaintiff, Josh DeHerrera, as to the Fourth and Fifth Claims for Relief as asserted in the **Complaint and Demand for Trial**

**By Jury** [#1] filed November 9, 2010; provided, that the judgment as to these claims **SHALL BE** with prejudice;

    7. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendant, Ivan Garcia, against plaintiff, Josh DeHerrera, as to the First Claim for Relief as asserted in the **Complaint and Demand for Trial By Jury** [#1] filed November 9, 2010; provided, that the judgment as to this claim as against defendant, Garcia, **SHALL BE** without prejudice; and

    8. That defendants, County of Costilla, Costilla County Board of Commissioners, Gilbert Martinez, and Ivan Garcia, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly.

    Dated March 29, 2011, at Denver, Colorado.

                                        **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge